**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------x
IN RE

                            Case No.: 23-44595-ess

GOLDEN GLOBE DINER LTD

                            CHAPTER 11

                            Judge Elizabeth S. Stong

                  DEBTOR
---------------------------------x

**ORDER AUTHORIZING RETENTION OF COUNSEL TO DEBTOR-IN POSSESSION**

--------------------------------------------------------

This matter having come on before the Court by reason of an ex-parte application, on behalf of Golden Globe Diner, Ltd. (hereinafter "Debtor-In-Possession"), praying for the entry of an Order authorizing said Debtor-In-Possession to retain the law firm of Richard S. Feinsilver as its counsel; and the Court having considered said application; and it appearing therefrom that the aforementioned law firm represents no interest adverse to the Debtor-In-Possession herein, or to its estate, with respect to the matters upon which it is to be engaged; and it further appearing that said retention would be in the best interests of the estate; and good cause appearing for the making of this Order, it is hereby

ORDERED, that pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ Richard S. Feinsilver, Esq. as its counsel, on the terms and conditions set forth in the Application and Declaration, retroactive to December 12, 2023; and it is further

ORDERED, that to the extent the Application or Declaration is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that Richard S. Feinsilver, Esq. shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, E.D.N.Y.L.B.R.2016 and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that Richard S. Feinsilver, Esq. shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to order the Court; and it is further

ORDERED, that Richard S. Feinsilver, Esq. shall not share its compensation with any other attorneys; and it is further

ORDERED, that Richard S. Feinsilver, Esq. May not withdraw from representing the Debtor without a Court Order, upon motion, notice and an opportunity to object; and it is further

ORDERED, that prior to any increases in Richard S. Feinsilver, Esq.'s rates, Feinsilver shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.  The United States Trustee retains all

rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application or the Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

NO OBJECTION:

William K. Harrington

United States Trustee for Region 2

By: /s/ Nazar Khodorovsky

    Nazar Khodorovsky, Trial Attorney

Dated: January 28, 2024

Dated: Brooklyn, New York
January 29, 2024



_____
Elizabeth S. Stong
United States Bankruptcy Judge